UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J-Bob LLC, *et al.*,

    Plaintiffs,

v.                                                                                          Civil Case No. 16-12745

Mike's Garage / Larocca's Towing, LLC,          Sean F. Cox
                                                                                            United States District Court Judge
    Defendant.
_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiffs filed this action against the Defendant towing company, after Defendant acquired title to a motorhome under Michigan's abandoned vehicle statute. The matter is currently before the Court on Defendant's Motion to Dismiss. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. As explained below, the Court shall GRANT the motion because Plaintiffs do not state a claim for conversion, replevin, fraud, or abuse of process under Michigan law because the remedies under the statute at issue "are the exclusive remedies for the disposition of abandoned vehicles." Mich. Comp. Laws § 257.252e(4).

## BACKGROUND

On July 25, 2016, Plaintiffs J-Bob LLC ("J-Bob") and Patricia Mehall ("Mehall") (collectively "Plaintiffs") filed this action against Defendant Mike's Garage/Larocca Towing,

1

LLC ("Defendant"), asserting diversity jurisdiction. Plaintiff's Complaint asserts four different state-law claims (conversion, replevin, fraud, and abuse of process), which are all based upon Defendant having acquired title to a motorhome under Michigan's abandoned vehicle statute. The matter is currently before the Court on a Motion to Dismiss filed by Defendant, pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim) and Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction).

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the well-pleaded factual allegations as true. *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005). Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For purposes of this motion, the Court may consider: 1) documents referenced in, or attached to, the complaint and central to the plaintiff's claims; 2) matters of which a court may properly take notice; and 3) public documents and records. *Devlin v. Kalm*, 531 F. App'x 697, 703 (6th Cir. 2013); *Costell v. Bank of New York Mellon*, 2013 WL 317746 (E.D. Mich. 2013); *Meyer v. Citimortgage, Inc.*, 2012 WL 511995 (E.D. Mich. 2012).

Here, Plaintiffs' Complaint and Defendant's Motion to Dismiss attach documents that are critical to a proper understanding of Plaintiffs' claims.

Patricia Mehall is the sole owner of J-Bob. (Compl. at ¶ 2). On July 30, 2014, Mehall and her husband were operating a motorhome in Monroe, Michigan, when the motorhome was involved in a motor vehicle accident. (Compl. at ¶ 8; Ex. 2 to Def.'s Motion, State of Michigan Traffic Crash Report). At that time, J-Bob alone held title to the motorhome. (Compl. at ¶¶ 8-9;

*see also* Ex. A to Compl., Certificate of Title, issued in J-Bob's name alone, on December 6, 2010).

The accident caused significant damage to the motorhome, requiring that it be towed from the accident scene. (Compl. at ¶ 8; Ex. 2 to Def.'s Motion, State of Michigan Traffic Crash Report). It is undisputed that Defendant towed the motorhome and later took it to a storage yard owned by Defendant. (*Id.*; Compl. at ¶¶ 10-11).

The Monroe County Sheriff Department later notified the Michigan Secretary of State, through LEIN, that the motorhome was abandoned. (*See* Exs. 3 & 4 to Def.'s Motion). The Secretary of State sent a "Notice Of Abandoned Vehicle" to J-Bob on September 7, 2015, stating that the motorhome had been taken into custody on July 30, 2014, and was being held in custody at Defendant's premises. (Ex. 4 to Def.'s Motion). That notice stated, in pertinent part:

> Our records indicate that you are the titled owner of the vehicle listed below. This is to notify you and any secured party on record that this vehicle was taken into custody as an abandoned vehicle by the law enforcement agency listed below.
>
> Unless this is an unregistered, abandoned, scrap vehicle, you have 20 days from the date of this notice to redeem it by paying the fees and accrued charges to the custodian of the vehicle. The vehicle may be sold at public auction after 20 days.
>
> You may also contest that this vehicle was properly deemed abandoned, removed, or the reasonableness of the towing and daily storage fees by completing the enclosed petition to request a hearing with the court listed above. The petition must be filed with the court by mail or in person within 20 days of the date of this notice. Please refer to the back of this form and the enclosed petition for more information.
>
> WARNING: If you do not redeem an abandoned vehicle or request a hearing within 20 days of the date of this notice, the law enforcement agency may transfer ownership of the vehicle and terminate all rights of the owner and any secured parties to the vehicle or to the proceeds of the vehicle sale.

(Ex. 4 to Def.'s Motion).

Plaintiffs do not claim to have filed any petitions in state court relating to the motorhome at issue in this case.

On January 27, 2016, the State of Michigan issued a title certificate to the motorhome to Defendant. (Ex. 5 to Def.'s Motion).

On July 25, 2016, Plaintiffs filed this action against Defendant in federal court. Plaintiffs allege that the motorhome sustained some additional front-end damage, as a result of the towing process. (Compl. at ¶ 10). Plaintiffs allege that, on some unspecified date after the accident, a person who identified himself as "Mike" told Mehall that the motorhome "could be stored with the defendant for an extended period of time at no cost." (Compl. at ¶ 12). Plaintiffs allege that, on some unspecified date later, Mehall contacted Defendant and told that she had a storage bill in the amount of $27,666.00. (Compl. at ¶ 13). Plaintiffs allege that at some later unspecified date, they learned that Defendant "had effectuated an 'Abandoned Vehicle' sale, and that the title to the Motorhome had been transferred to the Defendant." (Compl. at ¶ 14).

Plaintiff's Complaint asserts the following state-law claims against Defendant: 1) Conversion (Count I); 2) Replevin (Count II); 3) Fraud (Count III); and 4) Abuse of Process (Count IV). Defendant responded by filing the instant Motion to Dismiss.

## ANALYSIS

Defendant's Motion to Dismiss contends that this action must be dismissed on several different grounds. First, Defendant contends that to the extent that Plaintiffs are attempting to assert any kind of claim under Michigan's Abandoned Vehicle Statute in this action, this Court lacks subject matter jurisdiction over such claims because the statute expressly provides that such claims must be brought exclusively in state court. Second, Defendant contends that

Plaintiffs' Complaint fails to state a claim upon which relief can be granted in any event because, pursuant to the statute, Plaintiffs' exclusive remedies for the disposition of the motorhome are as provided in the statute and, therefore, under Michigan law, Plaintiffs' cannot circumvent the statute by asserting conversion, replevin, fraud, or abuse of process claims. Finally, Defendant also notes that because Mehall has not alleged that she ever owned the motorhome at issue, Mehall lacks standing to bring the claims asserted in this action.

In responding to the motion, Plaintiffs focus exclusively on Defendant's first argument – that this Court lacks subject matter jurisdiction because only district or municipal state courts can hear claims under the statute. But crucially, Plaintiffs' response notes that Plaintiffs are not asserting a claim under the statute in this case. Rather, "[t]his action is about conversion, replevin, fraud and abuse of process, and not the legalities of the process itself." (Pls.' Br. at 8).

The Court shall grant Defendant's Motion to Dismiss because Plaintiffs fail to state a claim under Michigan law.

Because this case is in federal court based upon diversity jurisdiction, the substantive law of Michigan governs the claims in this case. *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 995 (6th Cir. 2012).

"The Michigan vehicle code prohibits the abandonment of vehicles and provides a statutory scheme for the removal and disposition of abandoned vehicles, as well as the processes by which a person may recover a vehicle or challenge the removal or seizure of the vehicle. *See* MCL 257.252a-m." *Noll v. Ritzer*, __ N.W.2d __, 2016 WL 6087039 (Mich. App. Oct. 18, 2016). Notably, the statute expressly provides that the "remedies under sections 252 through 254 are the ***exclusive remedies*** for the disposition of abandoned vehicles." Mich. Comp. Laws §

257.252e(4) (emphasis added).  That means that if someone in Plaintiff's position seeks to challenge the disposition of an alleged abandoned vehicle, their sole recourse is to follow the statutory provisions.  The statute simply does not allow Plaintiffs to circumvent the statutory scheme by labeling their claims conversion, replevin, fraud, or abuse of process.  Accordingly, Plaintiffs do not state a claim for conversion, replevin, fraud, or abuse of process under Michigan law because the remedies under the statute "are the exclusive remedies for the disposition of abandoned vehicles."  Mich. Comp. Laws § 257.252e(4).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED and this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 30, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2017, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager